UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7984 FMO | Date | August 23, 2016 |
|---|---|---|---|
| Title | In re Ridgecrest Healthcare, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**   (In Chambers) Order Re: Bankruptcy Appeal

    Having reviewed and considered all the briefing filed with respect to appellant California Department of Health Care Services' ("appellant") Joint Brief [re Appeal] (Dkt. 16, "Appeal"), the court concludes that oral argument is not necessary to resolve the Appeal, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

    This court has jurisdiction pursuant to 28 U.S.C. § 158. See 28 U.S.C. § 158(a)(1) ("The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges[.]"); In re Fowler, 394 F.3d 1208, 1211 (9th Cir. 2005) (holding that a bankruptcy court's determination of priority is a final appealable order pursuant to 28 U.S.C. § 158). "To the extent the bankruptcy court interpreted statutory law, [the district court] review[s] issues of law de novo." In re Thorson, 195 B.R. 101, 104 (B.A.P. 9th Cir. 1996). "De novo means that the [district] court determines the law independently of the [bankruptcy] court's determination." In re Trujillo, 378 B.R. 526, 529 (B.A.P. 6th Cir. 2007).

    The question on appeal is whether quality assurance fees owed by debtor Ridgecrest Healthcare Inc. ("debtor") to the Medi-Cal Program under Cal. Wel. & Inst. Code §§ 14105, 14126, et seq. constitute "excise taxes" for "a transaction" within the meaning of 11 U.S.C. § 507(a)(8)(E). (See Dkt. 16, Appeal at 25-26). The provisions for priorities among a debtor's claimants are found in 11 U.S.C. § 507(a). In relevant part, the eighth priority is accorded to: "an excise tax on– (i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or (ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition."  11 U.S.C. § 507(a)(8)(E).

    "The Bankruptcy Code does not define 'excise tax,' and federal courts do not rely on state law labels to determine which obligations qualify." In re Lorber Indus. of Cal., 564 F.3d 1098, 1101 (9th Cir. 2009); see City of New York v. Feiring, 313 U.S. 283, 285, 61 S.Ct. 1028, 1029 (1941) ("Whether the present obligation is [an excise tax] entitled to priority within the meaning of the [bankruptcy] statute is a federal question."). "Instead, courts engage in a functional examination

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7984 FMO | Date | **August 23, 2016** |
|---|---|---|---|
| Title | **In re Ridgecrest Healthcare, Inc.** | | |

to determine if a government exaction is an excise tax." In re Lorber, 564 F.3d at 1101; see United States v. Reorganized CF & I Fabricators of Utah, Inc., 518 U.S. 213, 224, 116 S.Ct. 2106, 2113 (1996) (employing a "functional examination" to determine whether a pension plan obligation was an "excise tax" under the bankruptcy laws).

Under that functional examination, an excise tax[1] is:  (1) "an involuntary pecuniary burden, regardless of name, laid upon individual or property;" (2) "imposed by or under the authority of the legislature;" (3) "for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it;" (4) "under the police or taxing power of the state;" and (5) no "private creditor similarly situated to the government can be hypothesized under the relevant statute[.]"[2]  In re Lorber, 564 F.3d at 1101 & 1102; see In re Carpenter, 540 B.R. 691, 699 n. 9 (B.A.P. 9th Cir. 2015) (articulating five-factor Lorber test); In re Digiacinto, 2013 WL 3279159, *1-2

---

[1] The bankruptcy court noted that in In re DeRoche, 287 F.3d 751, 756 (9th Cir. 2002), the Ninth Circuit observed that "a fundamental characteristic of a typical excise tax is that it is a discrete, one-time tax based on a single act by the person or entity taxed, such as a sale or an application for a license[,]" and that, in In re George, 361 F.3d 1157, 1163 (9th Cir. 2004), the Ninth Circuit observed that "the term 'excise taxes' has traditionally been used in the United States to refer to taxes on 'the sale of a specified commodity' measured by value or quantity, such as alcohol, tobacco, or motor fuel, as opposed to taxes on income."  (See Dkt. 22, EOR at 425-26). But in each case, the Ninth Circuit noted the "typical" or "traditional" definition of an "excise tax" in the context of determining whether the debtor made a "transaction" pursuant to 11 U.S.C. § 507(a)(8)(E).  See In re George, 361 F.3d at 1163 (describing how "the term 'excise taxes' has traditionally been used"); In re DeRoche, 287 F.3d at 756 (describing "a typical excise tax").  The court believes that applying such a "typical" or "traditional" definition of "excise tax" to 11 U.S.C. § 507(a)(8)(E) would eviscerate the "functional examination" required by the Supreme Court and the Ninth Circuit.  See Reorganized CF & I Fabricators of Utah, Inc., 518 U.S. at 224, 116 S.Ct. at 2113 (employing a "functional examination" to determine whether an obligation was an "excise tax"); In re Lorber, 564 F.3d at 1101 ("[C]ourts engage in a functional examination to determine if a government exaction is an excise tax.").

[2] It appears that the bankruptcy court applied two factors announced by the Sixth Circuit in In re Suburban Motor Freight, Inc., 36 F.3d 484, 488 (6th Cir. 1994), which required "(1) that the pecuniary obligation be universally applicable to similarly situated entities; and (2) that according priority treatment to a government claim not disadvantage private creditors with like claims." (See Dkt. 22, EOR at 417) (discussing In re Suburban).  But, in In re George, the Ninth Circuit re-formulated these two factors – which consider existing third party creditors – into a single factor considering a hypothetical third party creditor, instead.  See In re Lorber, 564 F.3d 1098, 1101-02 (explaining that In re George "drew on the Sixth Circuit's reasoning, and added a fifth element to the Lorber test"); see also In re Hilliard, 2012 WL 4482584, *2 n. 2 (Bankr. D. Mont. 2012) (noting that "[t]he fifth element [of the Lorber test] combined two elements from decisions of the Sixth Circuit") (citing In re Suburban Motor Freight, Inc., 36 F.3d at 484).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7984 FMO | Date | August 23, 2016 |
|---|---|---|---|
| Title | In re Ridgecrest Healthcare, Inc. | | |

(Bankr. D. Nev. 2013) (applying same).

Here, the bankruptcy court's written order granting the chapter 7 trustee's ("appellee") motion to disallow appellant's priority claim pursuant to 11 U.S.C. § 507(a)(8)(E) is vague as to the basis for its decision.  (See Dkt. 21, Excerpts of Record ("EOR") at 396-97) (Bankruptcy Court's Order of September 28, 2015).  Similarly, the hearing transcript is unclear as to what standard the bankruptcy court applied.  (See Dkt. 22, EOR at 417-18 & 424-26) (September 17, 2015 hearing transcript).  Accordingly, out of an abundance of caution, the court reverses the bankruptcy court's order and remands for further proceedings consistent with this order.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT the Bankruptcy Court's Order of September 28, 2015, (see Dkt. 21, EOR at 396-97), is **reversed**, and the above-captioned action is **remanded** to the bankruptcy court for further proceedings consistent with this Order.  Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |